| CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|
| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Erica Loftis |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS (Filed April 7, 2017, Dkt. 20)

## I. INTRODUCTION

On January 11, 2017, plaintiff Phillip Jackson filed this action against Nationstar Mortgage LLC ("Nationstar"), Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Does one through ten, inclusive. Dkt. 1. Plaintiff is proceeding in this action pro se. On February 24, 2017, Nationstar and Freddie Mac filed a motion to dismiss. Dkt. 7. On March 17, 2017, plaintiff filed a First Amended Complaint ("FAC"). Dkt. 18. The FAC alleges claims for (1) declaratory relief; (2) rescission of mortgage pursuant to 15 U.S.C. §§ 1601 et seq.; (3) cancellation of instruments; (4) accounting; (5) violation of the California Unfair Competition Law pursuant to California Business and Professions Code §§ 17200 et seq. ("UCL"); (6) quasi contract; (7) negligence; and (8) violation of 15 U.S.C. § 1692e. Id.

The Court found that the filing of the FAC rendered the previous motion to dismiss moot. Dkt. 19. On April 7, 2017, defendants filed the instant motion to dismiss the FAC. Dkt. 20. On April 25, 2017, plaintiff filed an opposition. Dkt. 22. Defendants did not file a reply. On May 15, 2017, the Court held oral argument on this matter. Counsel for defendants was present. Neither plaintiff nor plaintiff's representative appeared.

Having carefully considered the parties' arguments, the Court concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

## II. BACKGROUND

Plaintiff alleges that on June 14, 2006, he executed a promissory note in favor of Mountain West Financial Inc. ("Mountain West") for $391,999.00 secured by a deed of trust for the purchase of property located at 28598 Kristin Lane, Highland, CA 92346 ("the Property"). FAC at 2:3-7.[1] Jackson is the owner of the Property. Id. at 6:11-14. The security instrument signed by Jackson in relation to the Property was subject to an adjustable rate rider, whereby the applicable interest rate was calculated every six months after July 2011 and vary between 7.125% and 13.125% per annum. Id. at 45.

At an undetermined time in 2010 and again on October 21, 2015, plaintiff obtained a loan modification from Nationstar. Id. at 7:28-8:2. Plaintiff has attached a copy of the 2015 Modification of Deed of Trust to the FAC, which was recorded in the San Bernardino County Recorder's Office on December 8, 2015 (the "2015 Modification"). Id. at 8:7-12; 51-61. The 2015 Modification lists Nationstar as the beneficiary of plaintiff's mortgage and note. Id. at 52.

Plaintiff alleges that on June 14, 2016, he mailed a letter to Nationstar requesting information about his loan ("the Written Request"). Plaintiff has attached a copy of the Written Request to the FAC. See Id. at 62-81. On June 20, 2016, Nationstar responded with a letter informing Jackson when he might expect a response. Id. at 82-83. Nationstar's letter stated that a response to the Written Request would be provided no later than July 28, 2016. Id. at 82.

At an undetermined time in the summer of 2016, plaintiff began to investigate "the true identity of his debt obligation" and allegedly learned that his rights had been violated. Id. at 14:17-19. Plaintiff discovered that a sequence of assignments of beneficial interest under the deed of trust regarding his Property had been executed and recorded between 2006 and 2016. The FAC states "Plaintiff adamantly disputes the contents of all Assignments of Deed of Trust." Id. at 10:1-2. Plaintiff claims that "the

---

[1] The following background is drawn from the allegations in the FAC. However, the form of the FAC does not comply with Federal Rule of Civil Procedure 10(b) – only some paragraphs of the FAC are numbered. Accordingly, where appropriate, the Court refers to allegations in the FAC by their page numbers and applicable lines.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

debt obligation" was never assigned to Nationstar, id. at 4-5, and that neither Nationstar nor Freddie Mac has properly obtained any security interest in the Property through valid assignment, id. at 11:10-14.

On July 14, 2016, after allegedly discovering the absence of any valid assignment, Jackson mailed a "Notice to Rescind" to Nationstar. Id. at 6:17-19. Plaintiff alleges that he therefore, "by operation of law," rescinded the "Note and Deed of Trust" relating to the Property, id. at 6:21-22, "effectively voiding the contract and debt," id. at 7:1-2. Plaintiff alleges that defendants "have no standing to enforce the Deed of Trust or collect payments under the contract" because defendants "failed to challenge the Notice to Rescind within the twenty (20) statutory days mandated under [the Truth in Lending Act]." Id. at 7:2-10.

The remainder of plaintiff complaint is in the nature of a legal memorandum, containing many alleged references to applicable law and conclusory allegations regarding violations of the referenced laws and cases.

## III. LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
|---|---|---|---|
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). However, a court may consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.    DISCUSSION

The FAC is appropriately dismissed for failure to state a claim upon which relief can be granted.

### A.    Rescission

Plaintiff's primary claim appears to be that he has rescinded his promissory note thereby voiding any security interest in the Property, accordingly the Court addresses this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

allegation first. Plaintiff alleges the he was entitled to rescind his promissory note and thereby void any security interest in the Property. Plaintiff alleges and argues that he had, and exercised, the authority to rescind the transaction pursuant to 15 U.S.C. § 1635, a provision of the Truth in Lending Act. Plaintiff alleges that he is authorized to rescind "the equitable loan transaction," FAC ¶ 16, because "defendant:"[2]

> a. fail[ed] to provide accurate disclosure of Plaintiffs actual beneficiary;
> b. fail[ed] to disclose information regarding Plaintiffs debt obligation; [and]
> c. fail[ed] to follow the mandatory steps required under TILA,

id. at ¶ 15.

Plaintiff's conclusory allegations are insufficient because plaintiff does not allege what disclosures, information, or steps were lacking in relation to the execution of plaintiff's purchase of the Property. See Marks v. Chicoine, No. C 06-06806 SI, 2007 WL 160992, at *7 (N.D. Cal. Jan. 18, 2007) (dismissing TILA claim for failure to set forth how TILA was violated).

Additionally, plaintiff's purported exercise of a rescission right was time barred. The statutory provision upon which plaintiff's claim relies, 15 U.S.C. § 1635, only permits rescission of certain transactions under certain circumstances. Section 1635 of the TILA

> grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements. But this conditional right to rescind does not last forever. Even if a lender *never* makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'

Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792 (2015) (emphasis in original) (quoting 15 U.S.C. section 1635(f)). The Supreme Court has concluded that the three-year period in which to rescind is not a statute of limitations governing the

---

[2] Plaintiff uses the singular "defendant," but it is unclear if plaintiff is alleging conduct by Nationstar, Freddie Mac, or both.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

commencement of a suit. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 417 (1998). Instead, the FDCPA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." Id. at 419. Accordingly, the three-year period is not subject to equitable tolling. Ananiev v. Aurora Loan Servs., LLC, No. C 12-2275 SI, 2012 WL 2838689, at *5 (N.D. Cal. July 10, 2012).

Furthermore, section 1635 "does not apply to . . . a residential transaction as defined in section 1602(w) of this title." 15 U.S.C. 1635(e). Pursuant to section 1602, a residential mortgage transaction is one in which "a mortgage, deed of trust, . . . or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. 1602; see also Lingad v. Indymac Fed. Bank, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010); Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1042 (E.D. Cal. 2009); Saldate v. Wilshire Credit Corp., 268 F.R.D. 87, 96 (E.D. Cal. 2010).

Here, plaintiff alleges that he executed his promissory note on June 14, 2006. Accordingly, any right to rescind the transaction whereby he purchased the Property expired no later than summer 2009. Furthermore, insofar as plaintiff seeks rescission of his original loan documents, plaintiff acknowledges that said loan was executed in order for him to purchase his primary residence.

Accordingly, plaintiff's claim for rescission is appropriately **DISMISSED**.

### B.     Declaratory Relief

"In order for a party to pursue an action for declaratory relief, the 'actual, present controversy must be pleaded specifically.'" Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 513-14 (2013), abrogated on other grounds by Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016). Thus, "a claim must provide specific facts, as opposed to conclusions of law, which show a 'controversy of concrete actuality.'" Id. (citation omitted). Here, plaintiff's claim for declaratory relief is based upon his allegation that he has rescinded the purchase of the Property and the promissory note associated with his purchase of the Property, which has been dismissed for the reasons indicated above. Accordingly, plaintiff's claim for declaratory relief is appropriately **DISMISSED** as well. See Karimi v. GMAC Mortg., No. 11-CV-00926-LHK, 2011 WL 5914006, at *6 (N.D. Cal. Nov. 28, 2011) (dismissing duplicative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

declaratory relief claim); Permpoon v. Wells Fargo Bank Nat. Ass'n, No. 09-CV-01140-H(BLM), 2009 WL 3214321, at *5 (S.D. Cal. Sept. 29, 2009) (declaratory relief claim dismissed where analogous relief was sought in other duplicative claims).

### C. Cancellation

Plaintiff's claim for cancellation is similarly predicated upon plaintiff's claim for rescission. Plaintiff alleges that "the Deed of Trust and the Promissory Note are cancelled" by operation of plaintiff's Notice to Rescind. As discussed above, plaintiff has not properly alleged a claim for rescission. Accordingly, plaintiff's claim for cancellation is similarly **DISMISSED**.

### D. Accounting

Plaintiff alleges that, pursuant to defendants' "fraudulent conduct, plaintiff paid his mortgage payments for years," but never actually owed any money to defendants. FAC ¶ 29. Plaintiff re-alleges that he exercised his right to rescind "[d]ue to Defendant's lack of disclosure," and that defendants therefore owe him an accounting and reimbursement of previous loan payments. Id. ¶¶ 29, 31.

"A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009) (citing 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 819, p. 236). Here plaintiff has not adequately alleged that any balance is due. Plaintiff has not alleged a valid rescission, whereby defendants might be required to return money to him.[3] See 15 U.S.C. § 1635(b) (discussing a creditor's obligations to return money and obligor's obligation to tender the property or its reasonable value after a valid rescission). Nor is plaintiff's conclusory allegation of "fraudulent conduct" sufficient to support a claim for accounting. See Fed. R. Civ. Proc. 9(b) (requiring that

---

[3] Insofar as plaintiff has attempted to allege rescission of his purchase of the Property, the Court notes that plaintiff does not allege that he has returned the amounts he received as a loan and/or the Property. Although plaintiff's accounting allegations are not clear, plaintiff appears to be alleging a claim for accounting wherein he is the one with a balance due to others.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL             'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

allegations of fraud be set forth with particularity). Accordingly, plaintiff's claim for accounting is **DISMISSED**.

E.  UCL

The California UCL provides that "unfair competition ... include[s] any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (2001). The UCL "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." Farmers Ins. Exch. v. Super. Ct., 2 Cal. 4th 377, 383 (1992) (quotation omitted).

To plead a violation of the UCL, plaintiff must plead a violation of another statute or common law. See, e.g., Krantz v. BT Visual Images, 89 Cal. App. 4th 164, 178 (2001) (UCL claims "stand or fall depending on the fate of the antecedent substantive causes of action"); California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc., 94 Cal. App. 4th 151, 169 (2001) ( "Where, as here, the Legislature has permitted certain conduct, courts may not override that determination by declaring such conduct to be actionable under [the UCL].") (quotation marks omitted); Walker v. Life Ins. Co. of the Sw., No. 10-cv-9198-JVS-RNB, 2013 WL 11308061, at *3 (C.D. Cal. Nov. 4, 2013) ("[P]laintiff's UCL claim must be based on conduct that violates some obligation imposed by a statutory or common law that has a private right of action.").

As discussed herein, plaintiff's other claims fail. The only other alleged basis for plaintiff's UCL claim is a list of allegedly deceptive business practices including "among other things:"

(a) Instituting improper or premature foreclosure proceedings to generate unwarranted fees;
(b) Executing and recording false and misleading documents;
(c) Executing and recording documents without legal authority to do so;
(d) Failing to disclose the principal for which documents were being executed and recorded in violation of *California Civil Code Section 109 5;*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
| --- | --- | --- | --- |
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

(e) Failing to record Powers of Attorney in connection with other recorded documents in violation of *California Civil Code Section 2933*;
(f) Demanding and accepting payments for debts that were non-existent;
(g) Misrepresenting the foreclosure status of properties to borrowers; and
(h) Other deceptive business practices.

FAC ¶ 35. However, the foregoing list of conclusory allegations, which appear for the first and only time among the allegations supporting plaintiff's UCL claim, are insufficient to set forth a basis for relief. See Moss, 572 F.3d at 969 (explaining the necessity of non-conclusory factual content). Additionally, insofar as plaintiff alleges that defendants recorded false documents, made misrepresentations, or engaged in deceptive or fraudulent business practices, plaintiff's UCL claim is also subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Kearns v. Ford Motor Co., 567 F.3d 1120, 1122 (9th Cir. 2009). Accordingly, plaintiff has failed to plead a predicate violation of law, fraud, or unfair practice as is required to state a claim under the UCL. Plaintiff's UCL claim is therefore **DISMISSED**.

### F. Quasi Contract

Plaintiff appears to allege that his repeated payment of mortgage payments to defendants has resulted in the formation of a quasi-contractual relationship whereby defendants may be unjustly enriched if not forced to disgorge the payments. "[I]t is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." Lance Camper Mfg. Corp. v. Republic Indem. Co., 44 Cal. App. 4th 194, 203, 51 Cal. Rptr. 2d 622 (1996). Accordingly, if plaintiff seeks to proceed in a quasi-contract claim, plaintiff must allege that the "express contract [covering the same subject matter] is void or was rescinded." Id.

Here, plaintiff acknowledges that in October 2015, he obtained a modification of the deed of trust relating to his Property from Freddie Mac and Nationstar. Both plaintiff's original deed of trust and the modification thereto are express contracts stating that plaintiff shall make mortgage payments on his loan. As discussed herein, plaintiff has not properly alleged that his deed of trust was rescinded or otherwise void. Accordingly, plaintiff's quasi contract claim is **DISMISSED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

### G.     Negligence

"The elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." Ladd v. Cty. of San Mateo, 12 Cal. 4th 913, 917 (1996) (citations omitted). However, the weight of authority holds that financial institutions and loan servicers do not owe a fiduciary duty to borrowers. See Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1093 (1991) (no duty where "the loan transaction does not exceed the scope of its conventional role as a mere lender of money"); Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006) ("a loan transaction is at arms-length and there is no fiduciary relationship"); Marks v. Ocwen Loan Servicing, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) (citing Nymark, "a loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract").

Plaintiff does not allege facts warranting a different conclusion here. Accordingly, plaintiff's claim for negligence is **DISMISSED**.

### H.     Violation of 15 U.S.C. § 1692e

The Fair Debt Collection Practice Act ("FDCPA") provides a private cause of action for certain violations of the FDCPA. See 15 U.S.C. § 1692k. "To state a claim under the FDCPA, a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Pratap v. Wells Fargo Bank, N.A., 63 F. Supp. 3d 1101, 1113 (N.D. Cal. 2014). The FDCPA provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. 1692e.

In order to state a claim pursuant to section 1692e, plaintiff must "plead factual content that allows the court to draw the reasonable inference that" defendants are debt collectors within the meaning of section 1692e. Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013) (quotation marks omitted). The term "debt collector" is defined to include: (1) "any person who uses any instrumentality of interstate commerce

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-00044-CAS (KKx) | Date | May 15, 2017 |
| Title | PHILLIP D. JACKSON V. NATIONSTAR MORTGAGE LLC ET AL. | | |

or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Here, plaintiff alleges that Nationstar is the servicer of his mortgage. FAC at 11:20-28. However, "mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the Act." Caballero v. Ocwen Loan Servicing, No. C-09-01021 RMW, 2009 WL 1528128, at *1 (N.D. Cal. May 29, 2009); see also, Arostegui v. Bank of Am., No. C 13-6009 PJH, 2014 WL 1230762, at *6 (N.D. Cal. Mar. 21, 2014) (distinguishing debt collection from debt servicing); Walker v. Equity 1 Lenders Grp., No. 09CV325 WQHAJB, 2009 WL 1364430, at *7 (S.D. Cal. May 14, 2009) ("A mortgage servicing company is not a debt collector within the meaning of the FDCPA" (citing Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985)). Accordingly, the FDCPA does not apply to Nationstar's activities as the servicer of plaintiff's loan.

Plaintiff's claim for violation of the FDCPA is **DISMISSED**.

## V. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is **GRANTED**. The FAC is **DISMISSED without prejudice**. Plaintiff is granted **14 days leave** from the date of this order in which to amend his pleadings, curing the deficiencies identified herein.

IT IS SO ORDERED.

|  | 00 | 01 |
|---|---|---|
| Initials of Preparer | CMJ | |